## The Probate of the paper propounded as the Will of FREDERICK WILLIAM DIETERICH.

In a probate proceeding, the Code, as it stood in January, 1869, did not disqualify a widow who contested a will from testifying, the heir-at-law being also a contestant.

THIS paper was propounded for probate by S. D. Van Schaick, one of the persons nominated therein as an executor. It was contested by the widow of decedent, as widow, and as general guardian of the only heir and next of kin, a minor. On the trial, the contestant's counsel called the widow, Margaretta Dieterich, as a witness in her own behalf. Objection to her testimony being taken.

THE SURROGATE. A party to a special proceeding in a Surrogate's Court may be examined as witness in his own behalf, in the same manner as any other witness.

A party to an "action," brought under the Code, cannot be examined under certain circumstances. But this is not an "action." (See § 399 *of Code of Procedure.*)

But, supposing, as has been argued, that this "proceeding" is to be governed by the same rule as applies to "actions," still the offer of Mrs. Dieterich as a witness does not come within the disqualifying conditions of the Code.

The transactions or communications she may have had with her deceased husband, could not be given in evidence by her against parties who are the executors, administrators, heirs-at-law, next of kin, or assignees of the deceased. The proponent does not stand in any such position. He is not yet an executor; he may never be. He is simply the person nominated as an executor in the paper propounded. He will be the executor if the will goes to probate, and if he qualifies, and if letters issue to him; not before.

The only heir and next of kin of decedent is the

daughter, a minor, for whom the widow is the general guardian, and who opposes the probate.

Upon all grounds, I consider the testimony admissible, and shall admit it.